IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RION T. MacCONNELL,            :

    Plaintiff,            :    Case No. 3:13cv00034

vs.                    :    District Judge Timothy S. Black
                                 Chief Magistrate Judge Sharon L. Ovington
NAPHCARE INC., *et al.*,        :

    Defendants.            :

## ORDER

Plaintiff Rion T. MacConnell is currently a prisoner in the Montgomery County Jail, serving a sentence related to a first degree misdemeanor. He brings this case *pro se* under 42 U.S.C. §1983 seeking damages and injunctive relief. He claims that Defendants have not provided him with medical care and have been deliberately indifferent to his medical needs in violation of the Eighth and Fourteenth Amendments to the Constitution.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C.

§1915(e)(2)(B).

By enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if satisfied that it raises frivolous or malicious claims.  *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B).

Reviewing an *in forma pauperis* Complaint under §1915(e)(2)(B), the Court asks whether it raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal.  *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or irrational.  *See Denton,* 504 U.S. at 32-33; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of an *in forma pauperis* Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court.  28 U.S.C. §1915(e)(2)(B)(ii-iii).  The Court's preliminary review of Plaintiff's *pro se* Complaint assumes the truth of his allegations and construes them liberally in his favor.  *See Herron v.*

*Harrison*, 203 F.3d 410, 414 (6th Cir. 2000); *see also Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Accepting Plaintiff's factual allegations as true and construing his *pro se* Complaint liberally in his favor reveals that he raises sufficient allegations and claims to avoid *sua sponte* dismissal.  Plaintiff raises rational, rather than delusional, factual allegations.  *Cf. Lawler*, 898 F.2d at 1199 ("Examples of claims lacking rational facts are prisoner petitions asserting that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts.").  His factual allegations, moreover, are sufficiently specific to raise at least an arguably plausible claim under the Eighth Amendment.  He alleges in part that one or more defendants intentionally delayed testing and further treatment of his bleeding colon and cancer in his gastrointestinal system.  He further alleges that before his incarceration he had received testing and treatment in the Miami Valley Hospital for these medical problems and that after his incarceration Defendants failed to provide him with the specialized medical care he needed or access to such medical care outside the Jail.  These allegations are sufficient at this early stage of the litigation to avoid sua sponte dismissal.  "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' ... proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a

prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291 (1976).

Accordingly, Plaintiff's Complaint is not subject to *sua sponte* dismissal under 28 U.S.C. §1915(e)(2).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal (USM) is **ORDERED** to make service of process in this case under Fed. R. Civ. P. 4(c)(3) upon presentation of properly completed process, copies of the Complaint, and the USM Form 285. All costs of service shall be advanced by the United States.

2. Plaintiff must serve the named defendants – or their attorney in the event an attorney's appearance is entered in the record – with a copy of every document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and verifying that Plaintiff mailed a true and correct copy of any document to defendants or their attorney. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk of Court or that fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff must inform the Clerk of Court promptly of any changes of address which he has during the pendency of this lawsuit. Failure to do so may result in dismissal of his case for failure to prosecute.

February 15, 2013                                          s/Sharon L. Ovington
                                                                                   Sharon L. Ovington
                                                     Chief United States Magistrate Judge