IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RION T. MACCONNELL,                   :

    Plaintiff,                    :     Case No. 3:13cv00034

vs.                                    :     District Judge Timothy S. Black
                                                                                Chief Magistrate Judge Sharon L. Ovington

SHERIFF PHIL PLUMMER, *et al.*,        :

    Defendants.                   :

## DECISION AND ENTRY

This matter is before the Court upon several pro se Motions filed by Plaintiff.  The first motion at issue is his Motion for Appointment of Counsel.  (Doc. #4).  The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs.  Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation.  Although Plaintiff advances several reasons why he needs counsel, his reasons are the same as those facing most pro se litigants and do not constitute exceptional circumstances.  His Motion is therefore denied.

The next matters at issue are Plaintiff's Motion for Order to Access Law Library/Pen

(Doc. #7), a "Memorandum and Renewed Motion in Support of Preliminary Injunction against Sheriff P. Plummer/Agents ..." (Doc. #10), and a document captioned "Grievances." (Doc. #11).  His grievances appear to be a copy of a written grievance he sent to jail personnel and asking to speak with Captain Flanders in person about access to legal materials and a pen.  Plaintiff is a prisoner in the Montgomery County Jail.  He explains that he has asked for, but has not received, access to a law library or to the County Courthouse or to "all cases cites and books/pen/typewriter/P.C. without delay."  (Doc. #7, PageID at 56). His Motion for Order to Access Law Library/Pen contains no further information.

Plaintiff's Memorandum/Renewed Motion in Support provides insight into the preliminary injunction he seeks and why he concludes that one should issue in his favor. Reviewing the four factors that must be balanced when determining if a preliminary injunction should issue, *e.g., McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012), Plaintiff argues:  (1) he is suffering irreparable harm to his health and his right to access legal resources and a pen; (2) the balance of hardships weigh in his favor; (3) he is likely to succeed on the merits of his claims; and (4) the relief he seeks will serve the public interest. (Doc. #10).  Plaintiff's Motion must be denied because "[t]he court may issue a preliminary injunction only on notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  At this point in the case, the record shows that the adverse parties have not yet received service of summons or Plaintiff's Complaint, and time remains for Plaintiff to do so under Fed. R. Civ. P. 4(m). "Unless a named defendant agrees to waive service, the summons continues to be the *sine*

*qua non*[1] directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)(original italics)(footnote added). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)(and cases cited therein). Because this Court does not presently have personal jurisdiction over the named defendants in this case, no party would be bound by the preliminary injunction Plaintiff seeks. Accordingly, Plaintiff's Motion for Order to Access Law Library/Pen and his Motion for Preliminary Injunction are denied.

Plaintiff has also filed a Motion for Discovery/Interrogatories Production of Documents (Doc. #8) and a Motion for Deposition (Doc. #12). Both of these Motions are premature. Discovery requests or motions may not be filed with the Court unless Plaintiff and counsel for defendants "have first exhausted among themselves all extrajudicial means for resolving the differences...." S.D. Ohio Civ. R. 37.1. In addition, because the named defendants are not yet parties in this case, they have no present duty to provide him with discovery responses. And as a practical matter, Plaintiff cannot engage in extrajudicial means for resolving discovery disputes resolve a discovery dispute until after service of summons and Complaint is accomplished. Plaintiff's discovery motions are therefore denied as premature.

---

[1] "*Sine qua non*" is translated as "without which not." Black's Law Dictionary 1418 (8th ed. 2004). The phrase thus refers to "something on which something else necessarily depends." *Id*.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Appointment of Counsel (Doc. #4) is DENIED;

2. Plaintiff's Motion for Order to Access Law Library/Pen (Doc. #7) and his Renewed Motion in Support of Preliminary Injunction against Sheriff P. Plummer/Agents (Doc. #10) are DENIED; and

3. Plaintiff's Motion for Discovery/Interrogatories Production of Documents (Doc. #8) and his Motion for Deposition (Doc. #12) are DENIED.


April 11, 2013

                                                s/Sharon L. Ovington
                                                Sharon L. Ovington
                                    Chief United States Magistrate Judge