# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RION T. MACCONNELL,                    :

      Plaintiff,                  :       Case No. 3:13cv00034

  vs.                                  :       District Judge Timothy S. Black
                                        Chief Magistrate Judge Sharon L. Ovington

SHERIFF PHIL PLUMMER, *et al.*,        :

      Defendants.                 :

---

## ORDER

---

      This case is before the Court upon numerous pending Motions. The upshot of this Order is that Plaintiff is entitled to additional time to respond to Defendant Sheriff Plummer's Supplemental Memorandum in Support of Motion to Dismiss. But Plaintiff is not entitled to conduct discovery before responding to Defendants' Motions to Dismiss.

* * *

      This case is first pending upon Plaintiff's Motion to Amend Complaint (Doc. #19), Defendant Montgomery County, Ohio's Motion to Dismiss (Doc. #24), Defendant Montgomery County Sheriff's Motion to Dismiss (Doc. #26), Defendant Naphcare Inc. and Anthony Dressler's Motion to Dismiss (Doc. #27). In response to these three Motions to Dismiss, Plaintiff seeks a 45-day extension of time to respond, and he requests discovery (Doc. #31).

      Defendants contend that discovery should be stayed because Plaintiff is not entitled to

discovery from any Defendant until the Court addresses the pending Motions to Dismiss. (Doc. #33). Defendants reason, in part, that discovery is not the appropriate vehicle to address the pleading deficiencies they have identified in their Motions to Dismiss.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999); *see Roth v. President & Bd. of Trustees of Ohio Univ.*, 2009 WL 2579388 at *1 (S.D. Ohio Aug. 18, 2009) (Kemp, M.J.).

> In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. Additionally, the Court is required to take into account any societal interests which are implicated by either proceeding or postponing discovery. *Marrese v. American Academy of Orthopedic Surgeons,* 706 F.2d 1488, 1493 (7th Cir. 1983). When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery. *Id.*

*Roth*, 2009 WL 2579388 at *1.

Defendants have established that a stay of discovery is warranted in the circumstances of this case. Beginning with Defendant Montgomery County, its Motion to Dismiss hinges upon an issue of law – whether it is *sui juris*, *e.g., Stack v. Karnes*, 750 F.Supp.2d 892 (S.D. Ohio 2010)(Frost, D.J.) – and does not hinge upon any factual questions or allegations. Consequently, Plaintiff does not need to conduct discovery to fully respond to Defendant Montgomery County's Motion to Dismiss.

Plaintiff contends that Defendant Montgomery County's attorney has engaged in unethical conduct by seeking dismissal on the ground that the Montgomery County

Commissioners have "nothing to do with the jail or anything to do with the Sheriff's Department ...." (Doc. #35, PageID at 168; *see* Doc. #s 37, 38, 39). Plaintiff characterizes opposing counsel's asserted ground for dismissal as a "blatant[ ] lie..," *id*., PageID at 169, and he seeks a hearing to address the alleged problems that opposing counsel cannot tell the truth and that opposing counsel is "playing games of discovery..." in an attempt to stop this case. *Id.*; *see* Doc. #37, 38. Plaintiff's contentions provide no basis for the relief he seeks. He misperceives opposing counsel's arguments as factual; they are instead purely legal arguments that Defendant Montgomery County is *sui juris* and that the Board of County Commissioner's has no legal authority under Ohio law over the control or operation of the jail. Whether or not these legal arguments will succeed will depend in no way upon Plaintiff's ability to conduct factual discovery. In addition, neither Plaintiff nor the record indicates that opposing counsel has prevaricated or engaged in discovery games or committed misconduct of any kind. As a result, an emergency hearing is not warranted.

Accordingly, Defendant Montgomery County is entitled to a stay of discovery pending the resolution of its Motion to Dismiss.

* * *

Defendants Naphcare, Inc., Tony Dressley, R.N., and Montgomery County Sheriff Phil Plummer ("Defendants") contend that a stay of discovery is warranted, in part, because discovery is not an appropriate vehicle to address the pleading deficiencies Defendants have raised in their Motions to Dismiss. This contention is well taken for two reasons. First, Defendants' Motions to Dismiss assert – under Fed. R. Civ. P. 12(b)(6) – that Plaintiff has

failed to plead facts sufficient to raise a plausible claim for relief against them. Whether or not this is correct, discovery will not assist Plaintiff in his effort to oppose Defendants' 12(b)(6) Motions mostly because the sufficiency of Plaintiff's pleadings is determined by accepting as true Plaintiff's well-pled factual allegations, and Plaintiff's *pro se* pleadings are liberally construed in his favor. *See Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009); *see also El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (citing, in part, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). In other words, Plaintiff does not need to prove the truth or accuracy of his well-pled facts in order to oppose or possibly defeat Defendants' Rule 12(b)(6) Motions. His Complaint must instead "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citations omitted).

Second, Defendant Sheriff Plummer asserts that qualified immunity shields him from Plaintiff's claims. Although qualified immunity may or may not apply in this case, Defendant Sheriff Plummer is entitled to a stay of discovery pending the determination of whether qualified immunity shields him from monetary liability. "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 1953 (2009)(citation omitted). *Iqbal* instructs:

> There are serious and legitimate reasons for this. If a Government
> official is to devote time to his or her duties, and to the formulation of sound

4

> and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.

*Id.*, 556 U.S. at 685, 129 S.Ct. at 1953. Neither Plaintiff nor the record presents a valid reason for subjecting Defendant Sheriff Plummer to discovery at this early stage of the case, particularly where discovery will not assist or hinder Plaintiff in his effort to respond to Sheriff Plummer's reliance on a qualified-immunity defense. And, as noted above, Plaintiff's well-pled factual allegations are accepted as true at this early stage of the litigation. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *see also Gunasekera,* 551 F.3d at 466. Plaintiff therefore does not need to prove the truth or accuracy of his factual allegations in order to respond to Sheriff Plummer's present assertion of qualified immunity.

\* \* \*

Plaintiff has also filed a Motion/Notice of Substitution for John Doe (Doc. #13). Plaintiff intends to substitute Montgomery County, Ohio in place of the John Doe he included in his Complaint. Substitution, however, is not the proper method of breathing life into a fictitious John Doe defendant. "Substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Consequently, Plaintiff's Motion/Notice of Substitution for John Doe lacks merit.

5

This is not the final word on Montgomery County's potential status as a defendant because Plaintiff has more properly sought to leave to amend his First Amended Complaint to add Montgomery County, Ohio as a Defendant. (Doc. #19). At present, Plaintiff's Motion to Amend Complaint remains pending in light of the further briefing necessary on Defendants' Motions to Dismiss.

Lastly, Plaintiff's Motion for Service by United States Marshall (Doc. #18) is moot in light of the summons that was returned executed on May 1, 2103.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motions for Discovery and for an Emergency Hearing (Doc. #s 31, 35) are **DENIED**;

2. Plaintiff's Motion for an Extension of Time to Respond to Defendants' Motions to Dismiss (Doc. # 31) is GRANTED, and Plaintiff's Response to Defendants' Motions to Dismiss is accepted as filed;

3. Motion/Notice of Substitution for John Doe (Doc. #13) is **DENIED**;

4. Plaintiff's Motion for Service by United States Marshall (Doc. #18) is **DENIED** as moot;

5. Plaintiff's Motion Instanter for an Emergency Hearing and Seeking an Order Holding in Abeyance Defendants' Motions to Dismiss (Doc. #37) is **DENIED**;

6. The following Motions are not yet fully brief and/or remain **PENDING**: Plaintiff's Motion to Amend Complaint (Doc. #19), Defendant Montgomery County, Ohio's Motion to Dismiss (Doc. #24), Defendant Montgomery County Sheriff's Motion to Dismiss (Doc. #26), Defendant Naphcare Inc. and Anthony Dressler's Motion to Dismiss (Doc. #27); and

6

7.      Defendant Sheriff Plummer's Motion for Leave to File Supplemental Memorandum in Support of Motion to Dismiss (Doc. #34) is **GRANTED**; Plaintiff's response, if any, to Defendant Sheriff Plummer's Supplemental Memorandum must be filed **<u>on or before July 29, 2013</u>**.

July 10, 2013

      s/Sharon L. Ovington       
Sharon L. Ovington
Chief United States Magistrate Judge
