# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RION T. MACCONNELL, | : | |
| Plaintiff, | : | Case No. 3:13cv00034 |
| vs. | : | District Judge Timothy S. Black<br>Chief Magistrate Judge Sharon L. Ovington |
| NAPHCARE, INC., *et al.*, | : | |
| Defendants. | : | |

## SECOND REPORT AND RECOMMENDATIONS[1]

Plaintiff Rion T. MacConnell was a prisoner in the Montgomery County, Ohio Jail from December 12, 2012 until his release on June 9, 2013. He is presently a resident of Dayton, Ohio. He brings this case *pro se* under 42 U.S.C. §1983 seeking to hold Montgomery County and others liable for allegedly violating his constitutional rights during his detention.

The case is presently pending upon Plaintiff's Motion to Amend Complaint (Doc. #19). Plaintiff seeks leave to amend his "complaint from John Doe Defendant to Montgomery County, a political subdivision of the state of Ohio." (Doc. #19, PageID at 100). Montgomery County (the "County") has not specifically addressed Plaintiff's Motion to Amend. Instead, the County has filed a Motion to Dismiss (Doc. #24), which

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff opposes (Doc. #40).

This Report incorporates by reference the description of Plaintiff's pleadings and claims set forth in a previously filed Report and Recommendations. (Doc. #46). To give context to the presently pending Motion and Plaintiff's opposition to it, some of Plaintiff's allegations are repeated next.

Plaintiff claims that Defendants violated his rights under the Eighth and Fourteenth Amendments to the Constitution by depriving him of medical treatment and testing while he was detained in the Montgomery County Jail. He alleges that from the date of his booking into the Jail until January 16, 2013, he was not given any medical care or testing even though he repeatedly asked for it because of bleeding and pain he was experiencing. Plaintiff states that he "had/has colon/GI cancer after acute blood test showed blood in stool and pain." (Doc. #9, PageID at 61).

According to Plaintiff, he was taken to the Jail medical area after he mailed a grievance to the Montgomery County Sheriff's headquarters. While in medical, he was then told by a "female, LPN Jane Doe/or a male RN..." named Tony, *id*., PageID at 62, that they did not have all his records yet but did have records from his physician, Dr. Barde. Plaintiff alleges that he was told to stop sending Kites to them. He further alleges that when he again asked for certain testing, he was not given either testing or an exam. At one point he received a "blood draw ... with no blood counts or follow-up trips to [the] medical unit...." (Doc. #9, PageID at 62).

Plaintiff claims that he continued to seek treatment, but he does not describe any

2

further interactions with Jail staff. Attached to his Amended Complaint are several affidavits of other prisoners who generally assert that Plaintiff has complained to staff and sought treatment. The affidavits, however, do not identify any medical staff member by name or identify any specific interaction.

Plaintiff also claims that his civil rights were violated while he was detained in the County Jail because he was allegedly denied access "to any Federal reporter/and other case cites ...." (Doc. # 9, Page ID at 63). Despite his repeated requests, he was told by various corrections officers that there was no law library in the Jail and only one State law book.

The County contends that dismissal of Plaintiff's Complaint is warranted under Fed. R. Civ. P. 12(b)(6) because the County is not an entity capable of being sued (*sui juris*) and because neither the County nor its Board of Commissioners has the authority to operate or control the Office of the Montgomery County Sheriff.

To overcome the County's Motion to Dismiss, Plaintiff must plead "(1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965 (2007)). Facial plausibility is present if Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.1937, 1949 (2009).

To state a plausible claim for relief under §1983, a plaintiff must allege facts sufficient to show "that a person acting under the color of state law deprived him [or her] of a right secured by the Constitution or laws of the United States." *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009).

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs. Pretrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment. Whether a convicted prisoner or a pretrial detainee, deliberate indifference to one's need for medical attention suffices for a claim under 42 U.S.C. § 1983." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (internal citations omitted).

The Constitution also provides prisoners with the right of access to the courts. This "'fundamental constitutional right ... requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'" *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1498 (1977)). This constitutional right, however, does not include the specific "right to a law library or to legal assistance." *Lewis*, 518 U.S. at 350, 116 S.Ct. at 2179 (discussing *Bounds,* 430 U.S. 817, 828, 97 S.Ct. 1491, 1492-93).

Liberally construing Plaintiff's *pro se* pleadings in his favor, and accepting his factual allegations as true, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), his

4

pleadings fail to state a plausible §1983 claim against the County for two reasons. First, Montgomery County is *sui juris* – *i.e.*, it is not an entity capable of being sued. *See McGuire v. Ameritech Servs., Inc.*, 253 F.Supp. 2d 988, 1015 (S.D. Ohio 2003) (Rice, Chief D.J.); *see also Yunger v. Hamilton Cnty., Ohio*, 1:12cv00251, 2012 WL 6725590 at *1 (S.D. Ohio Dec. 27, 2012) (Spiegel, D.J.); *Johnson v. City of Englewood*, 3:11cv00366, 2011 U.S. Dist. LEXIS 138219 (S.D. Ohio Dec. 1, 2011) (Rose, D.J.); *Winston v. Cnty. of Franklin*, 2:10cv1005, 2011 WL 2601562 at *4 (S.D. Ohio June 30, 2011) (Marbley, D.J.); *Koch v. Cnty. of Franklin, Ohio*, 2:08cv1127, 2010 WL 2386352 at *9 (S.D. Ohio June 10, 2010) (Frost, D.J.); *Lowe v. Hamilton Cnty. Dep't of Job & Family Servs.*, 1:05cv117, 2008 WL 816669 at *3 (S.D. Ohio Mar. 26, 2008) (Dlott, D.J.; Black, M.J.).

Second, the County correctly argues that even if Plaintiff had brought claims against the Board of County Commissioners (BCC), rather than the County, "the BCC would be entitled to dismissal as a matter of law because the BCC has no authority to operate or control the Office of the Montgomery County Sheriff." (Doc. #24, PageID at 113). In a similar recent case, District Judge Timothy S. Black analyzed the question of the BCC's potential §1983 liability as follows:

> **...Montgomery County Board of Commissioners**
>
> BCC submits that it is entitled to be dismissed from this action with prejudice because it has no authority to operate or control the office of the Montgomery County Sheriff. The Complaint alleges misconduct on the part of various employees of the Montgomery County Sheriff's Office, but no factual allegations of wrongdoing are made against the BCC or its

> individual members. By naming the BCC as a defendant in this lawsuit, Plaintiff alleges that the BCC has supervision or control over the operations of the Sheriff's Office. However, the office of the board of county commissioners of any county in Ohio is created by virtue of the authority contained in Chapters 305 and 307 of the Ohio Revised Code. The office of the sheriff of any county, a separate and distinct elective office (Ohio Rev. Code § 311.01(A)), is created pursuant to Chapter 311 of the Ohio Revised Code. Nowhere in Chapters 305 or 207 is a board of county commissioners authorized to employ sheriffs or deputy sheriffs or control their activities. Therefore, the actions of the county sheriff's office are not subject to review by the board of county commissioners.
>
> In the instant case, the BCC had no involvement in or control over any of the events alleged in the Complaint. Accordingly, the BCC is entitled to dismissal with prejudice.

*Argabrite v. Miami Twp. Bd. of Trustees*, 3:12-CV-229, 2012 WL 4511620 at *2 (S.D. Ohio Oct. 2, 2012) (footnote and citations omitted). In the instant case, assuming Plaintiff should have named the BCC as a Defendant, his pleadings do not identify any alleged wrongdoing by the BCC or its individual members. Because of this, and in light of the reasoning in *Argabrite*, neither the BCC nor the County, through acts or omissions by the BCC, played any role in causing Plaintiff's alleged constitutional injuries. *See id*.

Accordingly, Plaintiff's pleadings fail to allege a plausible §1983 claim for relief against the County or the BCC and, consequently, the County's Motion to Dismiss is well taken.[2]

---

[2] In light of this conclusion, Plaintiff's Motion to Amend Complaint should be denied as futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Montgomery County's Motion to Dismiss (Doc. #24) be GRANTED; and

2. Plaintiff's Motion to Amend Complaint (Doc. #19) be DENIED as futile.


September 12, 2013

                                                   s/Sharon L. Ovington
                                                    Sharon L. Ovington
                                     Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).