UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RION T. MACCONNELL, | : | Case No. 3:13-cv-34 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| SHERIFF PHIL PLUMMER, *et al.*, | : | |
| Defendants. | : | |

**DECISION AND ENTRY: (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 58); (2) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 56); (3) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 57); AND (4) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 54)**

This case is before the Court on the Report and Recommendations of United States Magistrate Judge Sharon L. Ovington. (Doc. 56). In her Report and Recommendations, the Magistrate Judge recommends that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied. Plaintiff filed Objections to the Report and Recommendation. (Doc. 7). In addition to his Objections, Plaintiff filed a Motion for Reconsideration. (Doc. 58). Defendants filed a Response in Opposition to Plaintiff's Objections and a Response in Opposition to Plaintiff's Motion for Reconsideration. (Docs. 59, 60). The issues presented are now ripe for decision.

First, with regard to Plaintiff's Motion for Reconsideration, FED. R. CIV. P. 52(b) provides that, "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may

amend the judgment accordingly." Further, FED. R. CIV. P. 59(e) allows parties to file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment."

A Rule 52(b) motion does "not allow a party to 'relitigate old issues, to advance new theories, or to rehear the merits of a case." *Dayton Pulmonary Rehab. Ctr., Inc. v. Meridian Healthcare Grp, Inc.*, No. 3:10-cv-128, 2012 WL 3527814, *1 (Aug. 14, 2012) (citation omitted). Instead, to obtain relief under Rule 52(b), a party must show a "'manifest error of fact or law' by the trial court, 'newly discovered evidence,' or 'a change in the law.'" *Id.* (citations omitted). Similarly, a Rule 59(e) motion "does not simply provide an opportunity to reargue a case" and instead, "must be supported either by a showing that the district court made an error of law or by newly discovered evidence." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citations omitted). Here, Plaintiff's Motion merely requests additional review of the arguments already considered by the Court and fails to point to any specific error. Accordingly, Plaintiff's Motion for Reconsideration must be denied

With regard to Plaintiff's Motion to Proceed *In Forma Pauperis*, the Court has reviewed the filings and the comprehensive findings of the Magistrate Judge *de novo*, as required by 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). Upon such review, the Court agrees with the conclusions of the Magistrate Judge, adopts those conclusions in their entirety and denies Plaintiff's Motion to Proceed In Forma Pauperis. (Doc. 54).

2

Accordingly, based on all of the foregoing:

(1) Plaintiff's Motion for Reconsideration (Doc. 58) is **DENIED**;

(2) The Report and Recommendations of the Magistrate Judge (Doc. 56) is **ADOPTED IN ITS ENTIRETY**;

(3) Plaintiff's Objections (Doc. 57) are **OVERRULED**; and

(4) Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 54) is **DENIED**.

**IT IS SO ORDERED.**

Date: 2/11/14

Timothy S. Black
United States District Judge